UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| George Debidart ) | Case # 8:20-bk-02489-RCT |
| ) | |
| Carole Debidart ) | Chapter 7 |
| ) | |
| Debtor(s) ) | |

**CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) BID PROCEDURES,
(III) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE,
(IV) SECURED LENDER'S RIGHT TO CREDIT BID, AND (V ) OTHER RELIEF**

**REQUEST FOR EXPEDITED HEARING**

Traci Stevenson, Chapter 7 Trustee (the "Trustee") duly appointed Chapter 7 Trustee for the above referenced debtors (the "Debtors") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.    The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4. On March 23, 2020 the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Traci Stevenson is the duly appointed and qualified Chapter 7 Trustee

6. The Trustee held and concluded the 341 meeting of creditors on April 29, 2020.

7. The Debtors scheduled a 100% ownership interest in the real property located at 2045 FREDERICK DR. VENICE, FL 34292 (the "Property") and further described as follows:

Lot 245, North Venice Farms, according to the map or plat thereof, as recorded in Plat Book 2, Page(s) 203, of the Public Records of Sarasota County, Florida.

8. The Debtors scheduled the Property as having a value of $451,915.00 subject to a mortgage in favor of Fifth Third Bank (the "Secured Creditors") in the amount owed on the Petition Date of approximately $426,283.00.

9. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtors' estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

   a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

   b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

   c. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtors' estate.

10. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Sarasota County Official Records as Official Record Instrument No. 2019144840, consisting of principal and Interest (the "<u>Secured Creditor Indebtedness</u>").

<u>RELIEF REQUESTED</u>

11. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "<u>Carve-Out Fund</u>") that will provide for the costs of this case to be paid and provide a recovery for other creditors. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

<u>BASIS FOR RELIEF</u>

A. <u>The Sale of the Property Should Be Approved</u>

12. The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without

representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13. Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtors' estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $9,000.00. Attached as Exhibit "A" are the HUD and letter of consent/approval from the Secured Creditor.

15. Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

    B.    <u>The Sale of the Property Should Be Approved Free and Clear of All Interests</u>

16. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3

(2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17. The Trustee states that he shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2] Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012 WL 1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

19. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed,

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

and (b) a copy of the Final Sale Order.

20. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

C. <u>The Sale Will Be Undertaken by the Buyer in Good Faith</u>

21. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22. The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

23. The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

6

24. The Trustee further states that:

(a) the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b) the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c) Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

25. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case. The Trustee requests an Expedited hearing to be set before October 8, 2020.

Under penalty of perjury, I have read the foregoing Motion and it is true and correct to the best of my knowledge information and belief.  I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic file transfer this Tuesday September 22, 2020 to: George Debidart & Carole Debidart, 2045 FREDERICK DR VENICE, FL 34292; creditors listed on the attached matrix; and the United States Trustee, P.O. Box 86690 Madeira Beach, FL 33738.

/s/Traci Stevenson
Traci Stevenson, Trustee
P.O. Box 86690
Madeira Beach, FL 33738
Phone: (727) 397-4838
E-mail: tracikstevenson@gmail.com